David J. Noonan (55966)
  dnoonan@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
350 Tenth Avenue, Suite 1300
San Diego, California  92101
Telephone:  (619) 231-8666
Facsimile:  (619) 231-9593

Andrew L. Colocotronis
  acolocotronis@bakerdonelson.com
**BAKER, DONELSON, BEARMAN, CALDWELL**
  **BERKOWITZ, PC**
900 South Gay Street, Suite 2200
Knoxville, Tennessee 37902
Telephone:  (865) 549-7119
Facsimile:  (865) 633-7119

Attorneys for Defendant Americas Collectibles
Network, Inc. d/b/a Jewelry Television

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIESE WEED, on behalf of herself and all others similarly situated<br><br>        Plaintiff,<br><br>    vs.<br><br>AMERICA'S COLLECTIBLES NETWORK, INC. d/b/a JEWELRY TELEVISION,<br><br>        Defendants. | CASE NO. 08-CV-0925 WQH CAB<br><br>**AMERICA'S COLLECTIBLES NETWORK, INC.'S  NOTICE OF, AND PARTIAL MOTION TO DISMISS PURSUANT TO F.R.C.P. 12 (b)(6)**<br>Date:    July 21, 2008<br>Time:    11:00 a.m. PDT<br>Judge:   Hon. William Q. Hayes<br>Crtrm.:  4 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on July 21 2008 at 11:00 a.m. P.D.T. or as soon thereafter as counsel may be heard in Courtroom 4 of the above-entitled Court, located at 940 Front Street, San Diego, California, 92101, Defendant America's Collectibles Network, Inc., d/b/a Jewelry Television® will and hereby does move the Court for partial dismissal of the putative Class Action Complaint on file herein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint fails to state claims upon which compensatory monetary relief may be granted. The Defendant seeks partial dismissal of the Complaint on the grounds that:

1.  Plaintiff Marliese Weed seeks compensatory monetary damages pursuant to California Consumer Legal Remedies Act, Civil Code section 1750 *et seq*. ("CLRA") over the sale by Defendant of a certain gemstone, andesine labradorite. *See* Complaint, Introduction; Prayer for Relief ¶2. However, despite seeking monetary damages under the CLRA, Plaintiff failed to provide Defendant with proper written notice as required by Section 1782(a) of the CLRA of her intent to seek monetary damages thirty (30) days prior to filing her Complaint. Instead, Plaintiff provided written notice by correspondence dated May 23, 2008, the same day she filed her Complaint in this action seeking monetary damages under the CLRA. *See,* Compl. at ¶58 and referenced letter dated May 23, 2008 and attached hereto as <u>Exhibit A</u>. Plaintiff's failure to provide proper notice under the CLRA renders her claims for money damages premature under the CLRA and requires dismissal of those claims with prejudice against refiling.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: June 18, 2008        KIRBY NOONAN LANCE & HOGE LLP

By: *s/David J. Noonan*
David J. Noonan
Andrew L. Colocotronis
Attorneys for Defendants American's Collectibles Network, Inc. d/b/a Jewelry Televesion®

David J. Noonan (55966)
    dnoonan@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
350 Tenth Avenue, Suite 1300
San Diego, California 92101
Telephone (619) 231-8666
Facsimile (619) 231-9593

Andrew L. Colocotronis
    acolocotronis@bakerdonelson.com
**BAKER, DONELSON, BEARMAN, CALDWELL
    BERKOWITZ, PC**
900 South Gay Street, Suite 2200
Knoxville, Tennessee 37902
Telephone:  (865) 549-7119
Facsimile:   (865) 633-7119

Attorneys for Defendant Americas Collectibles
Network, Inc. d/b/a Jewelry Television®

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIESE WEED, on behalf of herself and all others similarly situated<br><br>    Plaintiff,<br><br>    vs.<br><br>AMERICA'S COLLECTIBLES NETWORK, INC. d/b/a JEWELRY TELEVISION,<br><br>    Defendants. | CASE NO. 08 CV 0925 WQH (CAB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMERICA'S COLLECTIBLES NETWORK, INC.'S PARTIAL MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(C)**<br><br>Date:   July 21, 2008<br>Time:   11:00 a.m. PDT<br>Judge:  Hon. William Q. Hayes<br>Crtrm.:  4 |

I.   INTRODUCTION

This is a putative class action involving statutory and common law claims relating to certain gemstones advertised and sold by America's Collectibles Network, Inc. d/b/a Jewelry Television® ("JTV"). More specifically, Plaintiff Marliese Weed ("Plaintiff"), alleges that gemstones advertised and sold by JTV as rare red and green andesine labradorite, which she purchased, were in fact "low cost or colorless yellow labradorite that ha[d] been given a 'chemical facelift'." Complaint ("Compl."), ¶ 1. Plaintiff's causes of action in her Class Action Complaint include a claim under the California Consumer Legal Remedies Act, Civil Code Section 1750, *et seq*. ("CLRA"). *See* Compl., ¶¶ 46-60. In her Class Action Complaint, and, indeed, even in the prayer for relief, Plaintiff reiterates her unqualified demand for monetary damages, in addition to injunctive relief, arising from JTV's purportedly fraudulent conduct. Compl., Prayer for Relief, ¶ 2. As discussed in detail below, despite clearly seeking monetary damages in the Class Action Complaint, Plaintiff failed to provide JTV with the written notice required by Section 1782(a) of the CLRA of her intent to seek monetary damages prior to filing her Complaint. This Court has repeatedly made it clear that such a failure will result in dismissal of a CLRA claim. Accordingly, Plaintiff's claims for monetary damages under the CLRA should be dismissed with prejudice pursuant to F.R.C.P. 12(b)(6).

II.   ARGUMENT

**A.   The CLRA Requires a Thirty (30) Day Safe Harbor Notice as a Prerequisite to Filing Suit for Damages.**

Section 1782(a) of the CLRA provides that prior to the commencement of an action for money damages for violations of the CLRA, notice and an opportunity to cure must be provided to a prospective defendant. Specifically, section 1782(a) provides as follows:

> (a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.

    (2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.

    The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

Cal. Cons. Legal Rem. Act, section 1782(a), January 1, 2000. Thus, no suit may be maintained under the CLRA for monetary damages unless and until a prospective defendant is provided a thirty (30) day "safe harbor" period to provide an appropriate remedy to the allegedly aggrieved consumer. *Outboard Marine Corp. v. Superior Court in and for Sacramento County,* 52 Cal.App.3d 30 (Cal. 1975).

On May 23, 2008, Plaintiff filed her Class Action Complaint, in which she specifically sought both injunctive relief and compensatory damages for herself and on behalf of all other similarly situated consumers, Plaintiff served JTV with her purported notice letter under section 1782(a) on the same day. *See* Compl. at ¶58 and referenced letter dated May 23, 2008, attached hereto as Exhibit A.

In an effort to mask her clear failure to comply with the CLRA's notice provision, Plaintiff claims to be seeking only injunctive relief at this time. She then asserts that she has provided JTV notice pursuant to Section 1782(a) of the CLRA and states she will amend the Complaint to seek monetary damages in the event that JTV fails to take appropriate corrective action. *See* Compl. ¶ 57-58.

Plaintiff's disingenuous claim that she is not seeking monetary damages at this time is directly belied by multiple, express allegations set forth in the Complaint. In her very first "Introduction" paragraph, Plaintiff specifically states that "Plaintiff brings this action to recover the money that she and class members spent" on the andesine labradorite. Compl. ¶ 1. Indeed, in her prayer for relief, even before her request for an injunction, Plaintiff prays for "an award of compensatory damages sustained by Plaintiff and all others similarly situated as a result of Defendant's unlawful acts and conduct." Compl., Prayer for Relief, ¶ 2. Certainly Plaintiff cannot be heard to claim that she has not sought monetary damages against JTV through her Complaint. Moreover, any claim by Plaintiff that her specific request for compensatory damages

is related exclusively to her Unfair Competition Law or False Advertising Law claims is entirely without merit, as compensatory damages are not a remedy available under either of these causes of action. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150-51 (Cal. 2003).

**B.    Plaintiff's Failure to Provide Written Notice Prior to Filing Suit for Damages is Fatal to her Claim for Damages.**

Plaintiff's failure to provide JTV with requisite notice of her intent to seek money damages prior to filing suit warrants dismissal of Plaintiff's claims for damages with prejudice. Both this Court and the California Supreme Court have consistently affirmed the importance of strict application of the safe harbor provisions of the CLRA as a prerequisite to a suit for monetary damages. In *Outboard Marine,* the Supreme Court of California explained that "the clear intent of the [CLRA] is to provide and facilitate pre-complaint settlement of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished. *This clear purpose may only be accomplished by a literal application of the notice provisions*." *Outboard Marine Corp.*, 52 Cal. App.3d at 40-41 (Cal. 1975) (emphasis added).

The consistent pronouncements of this Court apply the CLRA in the same way. In an unbroken series of recent cases, this Court has applied *Outboard Marine*, and dismissed plaintiff's claims in the class action context, where the plaintiff failed to strictly comply with the CLRA's notice provisions. *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp.2d 939, 950 (S.D.Cal. 2007) (dismissing CLRA claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failing to provide notice); *Laster v. T-Mobile USA, Inc.,* 407 F. Supp.2d 1181, 1195-96 (S.D. Cal. 2005) (dismissing CLRA damages claims with prejudice for failing to comply with notice provisions); *Von Grabe v. Sprint*, 312 F. Supp.2d 1285, 1304 (S.D.Cal. 2003) (dismissing premature claims for monetary damages under the CLRA with prejudice due to failure to provide notice).

The recent decision of *Laster v. T-Mobile USA, Inc.,* is particularly noteworthy. In *Laster*, plaintiff sought damages individually and on behalf of all similarly situated customers, for unfair competition, false advertising and violations of the CLRA. Lester alleged that the Defendants charged sales tax to customers on the full retail value of cell phones that were advertised as "free". 407 F. Supp.2d at 1183. With respect to the CLRA claims, plaintiff's Complaint sought injunctive

1 relief but also included a request for monetary damages. *Id.* at 1195. Defendants sought dismissal of plaintiff's claim for damages under the CLRA because Plaintiff failed to provide the statutory notice required by section 1782(a). *Id.* In response, plaintiff's counsel asserted that the claim for damages was included through mere inadvertence and sought permission to file an amended complaint striking the request for money damages, so that plaintiff could then comply with the notice provisions of the CLRA. *Id.* at 1195-96. This Court denied this request, ruling that there is "no distinction between inadvertence or willful disregard of the notice requirements…Strict adherence to the statute's notice provision is required to accomplish the Act's goals of expeditious remediation before litigation. Because Plaintiffs failed to provide notice to Defendants pursuant to Section 1782(a), their claim for damages under the CLRA must the dismissed with prejudice." *Id.* at 1196.

Significantly, in *Laster,* this Court also found that a plaintiff does not cure deficiencies in a damages claim merely by stating a claim for injunctive relief under the CLRA. Noting that the notice requirements of Section 1782(a) do not apply to actions for injunctive relief, the Court emphasized that a class action for injunctive relief "may not be converted into an action for damages unless the consumer *first* complies with the notice provisions of Section 1782(a)." *Id.* at 1196. Thus, without first providing the requisite notice, a plaintiff may not skirt the notice provisions of the CLRA by filing a complaint for injunctive relief and then amending to seek damages.

In the instant matter, Plaintiff's claims for monetary damages under the CLRA are unquestionably subject to dismissal with prejudice due to her clear failure to comply with the notice provisions of the CLRA. Plaintiff simultaneously served JTV with a purported notice letter and a Complaint, wherein she clearly seeks to recover monetary damages. Plaintiff's assertion that she is withholding her claims for damages during the statutory notice period does nothing to diminish her clear request for compensatory damages in her prayer for relief, or her statement in the Complaint that she seeks monetary relief. JTV was clearly denied the requisite safe harbor period provided for under the CLRA and Plaintiff cannot now "unring the bell." As this Court stated in *Cattie*, "[p]ermitting Plaintiff to seek damages first and then later, in the midst of a

1 lawsuit, give notice and amend would destroy the notice requirement's utility, and undermine the
2 possibility of early settlement." *Cattie,* 504 F. Supp.2d at 950.
3     Thus, in accordance with the repeated holdings of this Court in the recent decisions of
4 *Cattie, Laster*, and *VonGrabe*, JTV respectfully submits that Plaintiff's claim for monetary
5 damages pursuant to the CLRA must be dismissed with prejudice.

### III. CONCLUSION

7     For the reasons set forth herein, America's Collectibles Network, Inc. d/b/a Jewelry
8 Television, pursuant to F.R.C.P. 12(b)(6) respectfully requests that this Court enter an Order
9 dismissing Plaintiff's claims for monetary damages under the California Consumer Legal
10 Remedies Act with prejudice.

11 DATED: June 18, 2008        KIRBY NOONAN LANCE & HOGE LLP

By: *s/David J. Noonan*
David J. Noonan
Andrew L. Colocotronis
Attorneys for Defendants American's Collectibles
Network, Inc. d/b/a Jewelry Television®

# EXHIBIT A

# WEXLER | TORISEVA | WALLACE

Limited Liability Partnership
Chicago, IL • Wheeling, WV • Sacramento, CA

May 23, 2008

**VIA CERTIFIED MAIL**

America's Collectibles Network, Inc.
d/b/a Jewelry Television
10001 Kingston Pike Street 57
Knoxville, Tennessee 37922

      RE:   *Notice Under California Consumers Legal Remedies Act, Civil Code Sections 1750, et seq.*

To Whom it May Concern:

      In compliance with the requirements of the California Consumers Legal Remedies Act (Civil Code Sections 1750, *et seq.*), ("CLRA") we write on behalf of our client, Marliese Weed, individually and as a representative of all other persons similarly situated.

      Over the past few years, Ms. Weed purchased thousands of dollars worth of "andesine labradrorite" jewelry from America's Collectibles Network, Inc. d/b/a Jewelry Television ("Jewelry Television"). Jewelry Television, touted by Jewelry Television as being one of the most rare gemstones on the earth, appreciating rapidly, and "100% natural." In reality, we believe that Jewelry Television was marketing, advertising, and selling commonly-occurring feldspars that get their color only as a result of artificial treatment including heating and/or diffusion.

      Ms. Weed believes that she and others in her position have purchased a product that has been falsely advertised to them and represented to them as being something it is not: a natural and untreated gemstone. Had Ms. Weed known of the true facts relating to her andesine labradorite jewelry, she would not have purchased it.

      Pursuant to California Civil Code Section 1782, you are hereby notified of the following:

      1.    Jewelry Television market, advertise, and sell andesine labradorite gems and jewelry to consumers throughout the United States. Through its internet and television advertisements and product materials, Jewelry Television falsely represents the quality, value, nature of the andesine labradorite stones, omitting the fact that their color is derived from an artificial treatment.

| Contact Information: | Mark J. Tamblyn<br>mjt@wtwlaw.com | 1610 Arden Way<br>Suite 290<br>Sacramento, California<br>95815 | (916) 568-1100<br>(916) 568-7890 fax<br>www.wtwlaw.com |


EXHIBIT A

# WEXLER | TORISEVA | WALLACE

America's Collectibles Network, Inc.
d/b/a Jewelry Television
May 23, 2008
Page 2

    2.    Jewelry Television's acts constitute violations of Sections 1750, *et seq.* of the Civil Code in that they:

    A.    "misrepresent the source, sponsorship, approval, or certification of goods" in violation of §1770(a)(2);

    B.    "misrepresent the affiliation, connection, or association with, or certification by, another" in violation of § 1770(a)(3);

    C.    "use deceptive representations or designations of geographic origin in connection with goods," in violation of §1770(a)(4);

    D.    "represent that goods . . . have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have," in violation of § 1770(a)(5);

    E.    represent that goods are of a particular standard, quality or grade when they are of another, in violation of §1770(a)(7);

    F.    advertise goods with the intent not to sell them as advertised in violation of §1770(a)(9); and

    G.    represent that the transaction was supplied in accordance with a previous representation when it has not, in violation of §1770(a)(14).

As a result, Ms. Weed and all consumers who are similarly situated have been damaged. Under Civil Code section 1782, Jewelry Television is required, within thirty (30) days following receipt of this letter, to correct, repair, replace, or otherwise rectify the goods alleged to be in violation.

Jewelry Television must ensure that (1) all consumers similarly situated have been identified (or, that Jewelry Television has made a reasonable effort to identify all such consumers), (2) that such consumers have been notified that upon their request, Jewelry Television will provide them with an appropriate remedy including, but not limited to, a full refund of their money spent on andesine labradorite jewelry; and (3) that Jewelry Television will within a reasonable time provide such a remedy.

# WEXLER | TORISEVA | WALLACE

America's Collectibles Network, Inc.
d/b/a Jewelry Television
May 23, 2008
Page 3

     If within thirty (30) days after receipt of this notice, Jewelry Television has not adequately addressed the wrongful conduct described above, Ms. Weed, on behalf of the class, will seek relief in the form of damages and other appropriate relief under California Civil Code Section 1780.

                              Very truly yours,

                              WEXLER TORISEVA WALLACE LLP

                              MARK J. TAMBLYN

MJT/rlf

1 **PROOF OF SERVICE**

2 *Weed v. America's Collectibles Network, Inc. dba Jewelry Television*
United States District Court, Southern District of California
3 Case No. 08 CV 0925 WQH (CAB)

4 I, the undersigned, declare: That I am, and was at the time of service of the papers herein

5 referred to, over the age of eighteen years, and not a party to the action; and I am employed in the

6 County of San Diego, California. My business address is 350 Tenth Avenue, Suite 1300, San

7 Diego, California 92101-8700.

8 On June 18, 2008, at San Diego, California, I served the following document(s) described

9 as **AMERICA'S COLLECTIBLES NETWORK, INC.'S NOTICE OF AND PARTIAL**

10 **MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS**

11 **AND AUTHORITIES IN SUPPORT OF AMERICA'S COLLECTIBLES NETWORK,**

12 **INC.'S PARTIAL MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6),** on the parties

13 in said action by placing a true copy thereof in a separate sealed envelope for each addressee

14 named hereafter, addressed to each such addressee respectively as stated on the attached service

15 list, which reflects the address last given by each such addressee on any document filed in the

16 action and served on this office.

17 **SEE ATTACHED LIST**

18 ☒ **BY MAIL:** I am readily familiar with our business practice for collecting,

19 processing and mailing correspondence and pleadings with the United States Postal Service. Such

20 correspondence and pleadings are deposited with the United States Postal Service on the same day

21 that they are placed for mailing in the ordinary course of business. I sealed each envelope and,

22 with the postage thereon fully prepaid, placed it for mailing in accord with our business' practice.

23 (C.C.P. § 1013(a) and (b))

24 ☒ **ELECTRONIC TRANSMISSION:** I filed the foregoing document with the

25 Clerk of Court for the United States District Court, Southern District of California, using the

26 Electronic Case Filing ("ECF") system of the Court. The attorney listed above has consented to

27 receive service by electronic means and is registered with the Court's ECF system and was served

28 a "Notice of Electronic Filing" sent by ECF system.

KNLH\530670.1

1   I declare under penalty of perjury under the laws of the State of California that the above is
2   true and correct. Executed on June 18, 2008, at San Diego, California.

                                              _____
                                              Rebecca Romero

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

KNLH\530670.1                          -2-

**SERVICE LIST**
**Weed v. America's Collectibles Network, Inc.**
**Case No. 08-CV-0925 WQH CAB**

| | |
|---|---|
| Mark J. Tamblyn<br>email: mjt@wtwlaw.com<br>WEXLER TORISEVA WALLACE LLP<br>1610 Arden Way, Suite 290<br>Sacramento, California 95815<br>Telephone: (916) 568-1100<br>Facsimile: (916) 568-7890 | Attorneys for Plaintiff |
| Gregory F. Coleman<br>COLEMAN & EDWARDS, P.C.<br>4800 Old Kingston Pike, Suite 120<br>Knoxville, Tennessee 37919<br>Telephone: (865) 247-0080<br>Facsimile: (865) 247-0081 | Attorneys for Plaintiff |
| Kenneth A. Wexler<br>Edward A. Wallace<br>Amber M. Nesbitt<br>WEXLER TORISEVA WALLCE LLP<br>55 W. Monroe Street, Suite 3300<br>Chicago, IL 60603<br>Telephone: (312) 346-2222<br>Facsimile: (312) 346-0022 | Attorneys for Plaintiff |

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700